UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHNKY CALIX
(A-Number: 233-285-305),

        Petitioner,

  v.

WARDEN, California City Correctional Center; FIELD OFFICE DIRECTOR, ICE Los Angeles Field Office; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; MERRICK GARLAND, United States Attorney General, in their official capacities,

        Respondents.

No.  1:26-cv-02941-KES-CDB (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS

Doc. 1

Petitioner Johnky Calix is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by count two of the petition.  *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's

1

prior orders and that would justify denying the petition. Doc. 3. While respondents do not raise any new legal arguments, Doc. 6 at 1–3, they assert that this case is factually distinguishable because petitioner had "an encounter with law enforcement . . . that led to Petitioner's re-detention and placement in removal proceedings": petitioner was arrested on by local authorities several weeks before ICE re-detained him. *Id.* at 1; Doc. 6-2. Respondents assert that immigration authorities arrested petitioner for violating his conditions of release from immigration custody. Doc. 6 at 3. But they do not assert that petitioner was convicted of any offense, and they do not argue that petitioner's arrest by local law enforcement shifted the statutory authority to detain petitioner to 8 U.S.C. § 1226(c). *See* Doc. 6 at 1–3. While the alleged violations may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to a such determination. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to count two, for the reasons addressed in those prior orders.[1]

Respondents are ORDERED to provide petitioner Johnky Calix (A-Number: 233-285-305) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

---

[1] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on count two.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    May 2, 2026

_____
UNITED STATES DISTRICT JUDGE

3